FEBRUARY TERM, 1916. 557

88 *N. J. L.*     Closter Dairy Farms v. N. Y. Central R. R. Co.

CLOSTER DAIRY FARMS v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Submitted December 2, 1915—Decided April 20, 1916.

1. A railroad company is under the obligation to use reasonable care to construct and maintain in good repair crossings and grades over highways.
2. On appeal from a judgment of the District Court rendered by the judge, sitting without a jury, where opposite conclusions might have been drawn from the testimony, that conclusion which is essential to support the judgment will be taken as found.
3. A determination of a question of fact by the judge of the District Court, sitting without a jury, is final between the parties when there is legal evidence to support it.

On appeal from the Third Judicial District Court of Bergen County.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff, *Frank H. Hennessy.*

For the defendant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

MINTURN, J.   While defendant's train was approaching on the southbound track near the Haworth crossing, the plaintiff's driver was approaching the crossing in a westerly direction, with the intention of crossing the north and southbound tracks about three-thirty o'clock on a foggy morning, on April 15th, 1915. He was driving a one-horse milk wagon, and before reaching the tracks stopped his horse, went down from the wagon and looked up and down the tracks. Seeing no train and hearing no signal from one, he took his seat on the wagon and proceeded to drive across the tracks. While upon the northbound track he heard and saw the approaching

train, which was proceeding at a rate of about thirty-five miles an hour, twenty-five feet away.

He attempted to turn his horse, but while engaged in that act the rear wheel of the wagon caught in the space between the rail and the planks of the crossing, and before it could be extricated, the horse became frightened and uncontrollable, and turning in the wrong direction was struck by the approaching train and killed.

The suit was predicated upon the two grounds, that the defendant failed to give either of the statutory signals, and that the defective condition of the planking at the crossing was such as to. indicate negligence. The trial court found defendant negligent upon both counts, and gave judgment for the plaintiff for the value of the horse and harness. The insistence of the defendant is that it was not guilty of negligence in its operation of the train, and that the plaintiff was guilty of contributory negligence.

These contentions require us to review the findings of facts of the trial court; and in order to warrant a reversal it must be manifest that there was no testimony in the case upon which the judgment can be supported. The defendant's liability to respond in damages must be predicated upon some omission of duty which in the first instance was the failure to give either of the statutory signals. *Hummer* v. *Lehigh Valley Railroad,* 75 *N. J. L.* 704.

We are unable to find in the case any evidence of a substantial character, which will impose liability upon that ground. But the court having found as a fact that the crossing was out of repair, and that such disrepair was the proximate cause of the damage, we are confronted with the trial court's conclusion of fact upon that subject which must be accorded the weight of a verdict if it has substantial proof to support it. One witness testified that he used the crossing over twenty-five times a day. That the edges of the planks between the rails were worn off, and that there was always danger of a wagon in swinging sideways of having its wheels caught in the intervening space; that the planks were not level, one plank being higher than another; that the tracks

were higher than the planks and that there was a space of four inches between the rail and the adjoining plank. Other witnesses testified substantially to the same effect. The flagman at the crossing testified that during a period of one year and eight months no new planking had been laid there.

Upon this testimony we think it was inferable that the crossing was out of repair, and that by reason thereof the wheel of the wagon was caught in the manner stated. The obligation to use reasonable care to construct and maintain in good repair, crossings and grades over the highways is settled by the cases. *Sonn* v. *Erie Railroad,* 66 *N. J. L.* 428; *affirmed* in 67 *Id.* 350; *Piver* v. *Pennsylvania Railroad,* 76 *Id.* 713; *Sankiwicz* v. *Atlantic City Railroad,* 82 *Id.* 478.

The latter case is also authority for the proposition that whether the defendant negligently omitted to maintain a safe crossing was a question for the jury.

It has been determined by this court that where a judge is sitting without a jury, and opposite conclusions might have been drawn from the testimony, that conclusion which is essential to support the judgment will be taken as found, and that his determination of a question of fact is final when there is legal evidence to support it. *Upton* v. *Slater,* 83 *N. J. L.* 372.

The only remaining inquiry is whether the acts of the driver under all the circumstances were tantamount to contributory negligence. This inquiry also presented a jury question not unlike in its essential aspects that presented in the case of *Napodensky* v. *West Jersey, &c., Railroad Co.,* 85 *N. J. L.* 337.

The judgment will be affirmed.